**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BILLY TERRELL ADAMS,                                                                    PETITIONER
ADC #101322

v.                                              5:14CV00067-KGB-JJV

RAY HOBBS, Director                                                                    RESPONDENT
Arkansas Department of Correction

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Kristine G. Baker.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    BACKGROUND

In August 2008, a White County jury convicted Petitioner, Billy Terrell Adams, of capital murder. (Doc. No. 4.) He was sentenced to life imprisonment without the possibility of parole. (*Id.*) On direct appeal, Mr. Adams raised the following four claims. The trial court erred by:

> (1) improperly questioning a juror and failing to require additional deliberation before accepting the verdict as unanimous; (2) refusing to strike a juror for cause; (3) denying Adams's motions for a directed verdict; and (4) refusing Adams's proffered jury instructions.

*Adams v. State*, 2009 Ark. 375. The Supreme Court of Arkansas found no error and affirmed. *Id.* In its June 25, 2009, opinion, the court summarized the facts underlying Mr. Adams's conviction and sentence as follows:

> At trial, Corporal Van Winkle of the Searcy Police Department testified that he was dispatched to investigate a report of a fight in progress on June 8, 2007. Arriving at the scene of the fight, Van Winkle observed Adams standing on the front porch of his home, holding a shotgun. As Van Winkle exited his police car, he witnessed Adams fire once into the victim's vehicle. The victim backed his vehicle out of the driveway and sped away. Adams then looked at Van Winkle, went inside his house, and closed the front door. After a trooper from the Arkansas State Police and another Searcy Police Department officer responded to Van Winkle's call for assistance, three officers eventually entered Adams's home and found him hiding in a closet. Van Winkle testified that after Adams was placed into handcuffs, he 'appeared normal' and 'he didn't look as though he had been in an altercation.'

2

A second eyewitness, Robert Weaver testified that he was fueling a truck at his place of employment near Adams's home when he heard an altercation. Walking to a fence, he saw Adams and Cunningham fighting as two females watched. At one point in the fight, Cunningham was on top of Adams, 'pounding him' in the words of Weaver, until a female 'grabbed [Cunningham] and made him stop.' Adams got up from the ground and went inside his house, and Cunningham got inside his vehicle parked in Adams's driveway. Weaver testified that Adams then 'came back outside and was talking to [Cunningham] through the window of the vehicle,' before he went back inside his house a second time and reemerged with a shotgun. According to Weaver, as Cunningham began to drive away, Adams fired the shotgun.

Other evidence presented by the State included testimony from Dr. Adam Craig, medical examiner for the Arkansas State Crime Lab, that Cunningham's autopsy showed that his death resulted from 'fatal, non-survivable' wounds caused by shotgun pellets. Dr. Craig testified that Cunningham bled to death within 'one or two minutes to five plus or minus minutes' after receiving the shotgun blast.

Adams bases his assertion that he proved that he did not have the requisite mental state for a capital murder conviction on the expert testimony of a forensic psychiatrist. Dr. Bob Gale testified for the defense and opined that Adams's 'judgment' and 'ability to control his emotions went out the window' due to 'mental disease.' and that there was nothing that he read in police reports or that he 'heard directly or indirectly from the Defendant that indicates premeditation' in the murder of Cunningham. However, Dr. Gale also testified that Adams was competent to stand trial, knew right from wrong, and understood the shotgun's operation and effect.

*Adams,* 2009 Ark. 375, at 3-4.

After the Arkansas Supreme Court affirmed the trial court, Mr. Adams filed a petition for writ of certiorari in the Supreme Court of the United States; it was denied on March 22, 2009. (Doc. No. 4-2.) Following the denial, the Arkansas Supreme Court issued its mandate on March 26, 2010. (Doc. No. 4-3.)

Two months later, on May 24, 2010, Mr. Adams sought post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, raising several claims of ineffective assistance of counsel. In his petition, Mr. Adams alleged counsel (1) failed to properly conduct pre-trial investigation; (2) failed to consult or prepare him if he wished to testify on his own behalf; (3) failed to procure or present the testimony of material witnesses, including the testimony of his treating

psychiatrist; (4) failed to raise proper objections; and (5) failed to preserve for appeal a challenge to the manner in which the trial court questioned a juror.  (Doc. No. 4-5.)

The White County Circuit Court held a preliminary hearing on September 28, 2010.  (Doc. No. 4-8.)  Mr. Adams requested to amend his petition to add one claim regarding the prosecutor's closing argument; the trial court granted his request to file an amended petition, limited however, to the single issue of trial counsel's failure to object to remarks made by the prosecutor during closing argument.  (*Id.*)[1]  At the conclusion of the hearing, Mr. Adams asked the court to defer a hearing on his petition until he could have time to obtain an attorney. The judge agreed to not set the matter any sooner than sixty days from September 28th. (*Id.*) After a year of back and forth correspondence with Mr. Adams, the Court set the hearing for October 25, 2011.[2]

On January 25, 2012, the White County Circuit Court denied Mr. Adams's request for post-conviction relief. (Doc. No. 4-9.) On April 25, 2013, the Arkansas Supreme Court affirmed the trial court's denial of Mr. Jackson's Rule 37 petition. *See Adams v. State,* 2013 Ark. 174.

In the instant Petition filed  February 24, 2014, Mr. Adams alleges that his conviction was in violation of the Sixth and Fourteenth Amendments because he was denied effective assistance of counsel. He specifically claims his counsel (1) failed to object to the trial court's improper questioning of a juror during polling; (2) failed to reasonably investigate and present evidence in support of his claim of self-defense or mental defect; (3) failed to properly challenge the testimony

---

[1]When Mr. Adams filed his amended petition, it included several additional claims and exceeded the ten-page limit. The circuit court considered the claim, but otherwise rejected the bulk of the over-length petition. *Adams v. State,* 2103 Ark 174.

[2]"By letters dated January 24 and May 6, 2011, the circuit court wrote Adams inquiring about whether he had retained counsel or whether he still intended to hire counsel. On August 23, the court informed Adams by letter that the hearing would take place on October 25, 2011." *Adams,* 2103 Ark 174.

of Dr. Charles Mallory, who testified that Mr. Adams was competent to stand trial and did not suffer

from a mental defect at the time of the crime; (4) failed to prepare petitioner to testify in his own

defense or to otherwise encourage him to testify; (5) failed to object to statements made by the

prosecutor during closing arguments regarding the consideration of lesser-included offenses; (6) trial

counsel had a conflict of interest because she was more concerned with being challenged during

post-conviction proceedings than she was with properly representing him; (7) failed to object to the

manner in which the jury was selected; (8) failed to object to the prosecutor's comments during

closing statements regarding the consequences of finding that Mr. Adams suffered from a mental

disease or defect; and (9) trial counsel was ineffective for stipulating to the victim's cause of death

and for allowing the state crime lab report to be admitted. (Doc. Nos. 1 and 4).

## II.    ANALYSIS

After careful review of the Petition and Response, the Court concludes the Petition is without

merit and should be DISMISSED.  Several of Mr. Adams's allegations of attorney error in support

of his ineffective assistance of counsel claims were properly raised and addressed on their merits by

the Arkansas Supreme Court.  And his other claims are procedurally defaulted.

In the interests of finality and federalism, federal habeas courts, under the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review

of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v.*

*Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Under the AEDPA, federal review of underlying state

court decisions are limited because federal courts may only grant habeas relief if the claim was

adjudicated on the merits in the state court proceeding and the state court's decision:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or

    (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here.

Mr. Adams's claims that his trial counsel was ineffective – for not objecting to the way in which the trial court polled the jury, failure to investigate and call certain witnesses in support of Adams's self defense and mental disease or defect defense, and failure to object during the prosecutor's closing statement – were presented to the Arkansas Supreme Court in his appeal. The state's highest court correctly applied the standard set forth in the United States Supreme Court decision in *Strickland v. Washington*, 466 U.S. 668 (1984), and concluded that Mr. Adams failed to show that his counsel's performance fell below an objective standard of reasonableness, or that he was prejudiced by the alleged errors of counsel. The court's findings were supported by the record.

*Strickland* establishes a two-element test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

Under the two-prong *Strickland* test, the benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686. As the Arkansas Supreme Court correctly found, Mr. Adams failed to reach that mark. Specifically in regard to his claim that counsel was ineffective for not calling a number of persons as witnesses, the Supreme Court of Arkansas held:

> When addressing a trial counsel's decision not to call a particular witness, this court must take into account that decision is largely a matter of professional judgment that experienced advocates could endlessly debate, and the fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Noel v. State,* 342 Ark. 35, 26 S.W. 3d 123 (2000). In order to demonstrate prejudice, a petitioner is required to establish that there is a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Greer v. State*, 2012 Ark. 158, 2012 WL 1223760 (per curiam)

*Adams,* 2013 Ark. 174 at 16-17.

After careful review of the Petition and Response, this Court concludes that the state's highest court's findings did not entail an unreasonable application of federal law on any point. In reviewing an ineffective assistance claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S.

465, 473 (2007)).  The Arkansas Supreme Court reasonably applied *Strickland* to the facts of Mr.

Adams's case, and properly adjudicated many of the claims he raises again in the instant Petition.

The state's highest court thoroughly reviewed the facts of Mr. Adams's case, and concluded

that an objection to the trial court's questioning of a juror during polling would have failed.

> We perceive no equivocation on the part of the juror and cannot conclude that the juror
> impermissibly voted in the courtroom as a result of the court's questions. Thus, if
> counsel had raised an objection to the comment on this basis, the objection would have
> failed.  A petitioner does not demonstrate the requisite prejudice for a claim of
> ineffective assistance based on the failure to make an objection if he does not establish
> that counsel could have made a successful objection.

*Adams,* 2013 Ark. 174 at 21-22.

The Arkansas Supreme Court also held that an objection to the prosecutor's closing arguments

regarding the consequences of him being found guilty of mental disease or defect would have been

meritless under Arkansas law. The prosecutor's comment was consistent with the law, and therefore,

the court correctly found that trial counsel was not ineffective for failing to object.  *Adams,* 2013 Ark.

174 at 22.

A federal court is precluded from considering a habeas corpus claim that a "state court has

disposed of on independent and adequate non-federal grounds." *Clemons v. Luebbers,* 381 F.3d 744,

750 (8th Cir. 2004) (citing *Reagan v. Norris,* 279 F.3d 651, 656 (8th Cir. 2002). "This rule applies

whether the state law ground is substantive or procedural." *Coleman v. Thompson,* 501 U.S. 722, 729

(1991). Where the state court dismisses a habeas petitioner's claims on independent and adequate state

law grounds or the petitioner has failed to fairly present his claims to the state court, the claims are

procedurally defaulted, and a federal district court cannot consider them unless the petitioner can

demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation

or actual innocence. *Coleman*, 501 U.S. at 750-51; *Prewitt v. Goeke,* 978 F.2d 1073, 1077 (8th Cir.

1992); *Reagan,* 279 F.3d at 656.  "In other words, a state prisoner who fails to satisfy state procedural

requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons*, 381 F.3d at 750.

Having carefully reviewed the record and the applicable law, the Court concludes that the all of Mr. Adams's claims have either been properly adjudicated by the Arkansas Supreme Court or were never presented to the state court to consider. A federal court reviewing a state conviction under 28 U.S.C. § 2254, may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules. *Arnold v. Dormire,* 675 F.3d 1082, 1086-1087 (8th Cir. 2012) (citing *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)). Mr. Adams's claims of ineffective assistance of counsel based on her alleged conflict of interest; failure to challenge Dr. Mallory's testimony and credentials; failure to object to statements made by the prosecutor during closing arguments regarding lesser-included offenses; failure to object to the way *voir dire* was conducted; and failure to challenge evidence as to the victim's cause of death were not properly presented to the state court.

Mr. Adams added these claims to his Rule 37 petition, but they were not in accordance with state procedural rules with respect to amending a Rule 37 petition and exceeded the required length of a Rule 37 petition. The Arkansas Supreme Court affirmed the trial court's denial to allow Mr. Adams to amend his petition – holding that Mr. Adams's amended petition not only contained additional claims not specifically allowed by the trial court, but also that amended petition was longer than the ten-page limitation requirement for Rule 37 petitions. (Doc. No. 4.) Following well-settled procedural rules, the Supreme Court held that the "circuit court did not abuse its discretion by not accepting the additional issues raised in the over-length amended petition." *Adams,* 2013 Ark. 174 at 13.

Because those claims were not "fairly presented" to state court, they are procedurally defaulted in federal court. *Turnage v. Fabian,* 606 F.3d 933, 936 (8th Cir. 2010) (citing *Baldwin v. Reese,* 541 U.S. 27, 29 (2004)). This requirement is in place to allow states the opportunity to review and correct alleged violations of a petitioner's federal rights. *Id.* It is the petitioner's burden to present the substance of his federal claims in each appropriate state court including the state supreme court with powers of discretionary review. *Id.* If a petitioner fails to present his federal claims to the state courts, those claims are generally considered procedurally defaulted. *Id. See, e.g., Barrett v. Acevedo,* 169 F.3d 1155, 1161 (8th Cir. 1990) (en banc) (citing *Abdullah v. Groose,* 75 F.3d 408, 411 (8th Cir. 1996) (en banc)).

The last remaining claim – that trial counsel failed to properly prepare Mr. Adams to testify at trial – was never ruled on by the trial court, and was not raised or addressed on appeal. (Doc. No. 4.) It is well-established Arkansas law that a post-conviction petitioner has an obligation to obtain a ruling from the trial court on any issues they wish to be considered on appeal. *See Watkins v. State,* 2010 Ark. 156, 362 S.W.3d 910; *Wofford v. State,* 2009 Ark. 325 (*per curium); Beshears v. State,* 349 Ark. 70, 8 S.W.3d 32 (2000)). Mr. Adams did not do so here. The trial court's order denying relief under Arkansas Rules of Criminal Procedure Rule 37 has no mention of Mr. Adams's claim that his counsel failed to advise or prepare him to testify in his own defense or to otherwise encourage him to testify. (Doc. No. 4-9). In the order, the circuit court listed the other four ineffective assistance of counsel claims and ruled upon each of them, but this particular claim is not addressed. (*Id.*)

Mr. Adams's failure to secure a ruling from the trial court on this claim precluded him from raising it to the Arkansas Supreme Court. Before filing for federal habeas relief, a petitioner must provide state appellate courts the opportunity to review each claim. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). Therefore, this claim is procedurally defaulted. Further, by Mr. Adams's own

account, he did not testify at trial (Doc. No. 1 at 11) and so this claim is also without merit.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman*, 501 U.S. at 750. After careful review, the Court concludes that Mr. Adams fails to show any cause and prejudice, and does not allege actual innocence. Although questions arise whether the United States Supreme Court's holding in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), could generally lead to a showing of "cause" for procedural defaulted claims, the Court concludes it would not apply in this case. Assuming *Martinez* applies, this Court would perform a merits review of the defaulted claims if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. Adams had no counsel in the postconviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. Adams had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Here, Mr. Adams's claims fail on the first prong of the analysis. Given the facts in this case and the claims raised, the Court concludes that none of the defaulted claims rise to the level of "substantial." Thus, his Petition is procedurally barred and should be dismissed with prejudice.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of

appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly procedurally defaulted and his claims are without merit. Therefore, no certificate of appealability should be issued.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     The Petition for Writ of Habeas Corpus (Doc. No.1) be DISMISSED.

2.     A certificate of appealability should not be issued.

3.     All pending motions be DENIED as moot.

DATED this 2nd day of July, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE